WASHINGTON COUNTY *v.* HARVEY McELROY.

**Taxation—Listing Land for Taxation.**

Under the Act approved March 28, 1872, relating to improper tax levy, it is made imperative that all persons owning land in Washington county lease the same for taxation in such county for all legal purposes, and the fact that the owner has listed the land situated in such county in another county, is no excuse.

APPEAL FROM WASHINGTON CIRCUIT COURT.

February 20, 1873.

OPINION BY JUDGE PETERS:

The power of the Legislature to authorize the taxation of the lands within the limits of the respective counties of the commonwealth for local or county purposes can not be questioned, and we are not aware of any law which confers jurisdiction on county courts to exempt owners of lands from the operation of such laws.

Sec. 2, Art. 8, ch. 83, 2 Vol. R. S., p. 258, provides that if a person be improperly charged with any levy or tax, before he has paid the same he may make proof thereof to the court of the county in which the assessment was made, and the court may correct the same, etc.

The first inquiry under this enactment is, was appellee improperly charged with the tax of which he complained? If not, the county court had no power to afford him relief.

By an act approved March 28, 1872, it is made the imperative duty of all persons owning land in Washington County, although they do not reside therein, to list the same for taxation in the county

in which the land is situated, for all local purposes. That act took effect from its passage, and repealed the act of 1867 or so much of it as is in conflict with the last-named act.

It can be no excuse to appellee that he had listed the 600 acres of land owned by him within the territorial limits of Washington County in Marion County, in which county he resided. The statute makes no such exception, and the county court has no authority to supply it, and thereby qualify or restrict it.

In a proceeding of this character appellee should have made the county of Washington a defendant to his motion, and notified the attorney of the county, by whom it is represented, of his intended motion a reasonable time before he made his motion, but as the county attorney appeared and approved the motion, want of reasonable notice was waived, but it was not on that account that the proceeding against the county was not *ex parte*. The county, therefore, had the right to prosecute this appeal.

Wherefore, for the reasons stated, the judgment is *reversed,* and the cause is remanded, with directions to dismiss the motion.

*Selecman, W. H. Hays, for appellant.*

*Kirk, for appellee.*